

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| KIMBERLY JOY MOAK,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 4:25-6828-MGL |
| Frank Bisignano, *Commissioner of the*<br>*Social Security Administration*,<br>DEFENDANT. | §<br>§<br>§<br>§ | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND AFFIRMING THE COMMISSIONER'S DECISION

This is a Social Security appeal in which Plaintiff Kimberly Moak, proceeding pro se, seeks judicial review of the final decision of Defendant Frank Bisignano, Commissioner of the Social Security Administration, denying her claim for supplemental security income (SSI)

The matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting the Court affirm the Commissioner's decision. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

1

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 26, 2026.  Moak filed objections to the Report, including attached medical records, on February 12, 2026.  The Court has reviewed Moak's objections but holds them to be without merit.  It will therefore enter judgment accordingly.

The Magistrate Judge recommends affirming the Commissioner's decision because Moak "failed to show that the Commissioner's decision was not based on substantial evidence."  Report at 9.  Moak objects on essentially two grounds, and the Court will accordingly review the case de novo.

First, Moak refers to the "several years" she has been receiving medical attention for "chronic shoulder pain."   Objections at 1. The Magistrate Judge thoroughly described and considered the evidence before the Administrative Law Judge (ALJ) on this point.  Report at 6-8. It is unnecessary to restate the evidence here, as the Court will incorporate the Report herein in this respect.  It is sufficient the ALJ considered this evidence and the contrary evidence presented by the Commission.  *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." (quoting 42 U.S.C.A. § 405(g))).

As explained in the Report, the evidence supporting the ALJ's decision was substantial. For one example, the Magistrate Judge explained the ALJ cited multiple medical record exhibits as well as "July 2023 orthopedic notes showing normal imaging of [Moak's] shoulder, her shoulder function was 'good on exam,' and [Moak] was treated 'conservatively with formal physical therapy to strengthen her right shoulder.'"  Report at 7.  This objection is therefore overruled.

2

Second, Moak objects to the Report by reference to her attached medical records "that highlight[] depression PTSD and arthropathy." Objections at 1. She asserts the depression and PTSD are "justified reasons" sufficient to support her claim. Objections at 1. The Magistrate Judge and ALJ both considered her mental health issues and diagnoses. Report at 8-9. Despite her mental health issues, "the ALJ cited a plethora of reported daily activities" and concluded Moak "'has remained capable of performing simple unskilled work activity . . . .'" Report at 8.

The Court is unable to identify any error in the Magistrate Judge's reasoning, and the ALJ's findings are supported by substantial evidence. Moreover, as to the additional records submitted with the objections, "in determining whether the ALJ's decision is supported by substantial evidence, a district court cannot consider evidence which was not presented to the ALJ." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Therefore, this objection is also overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 29th day of July 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Moak is hereby notified of her right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3